IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FREDDRICK SMITH, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-04-4122 |
| | § | |
| DOUG DRETKE, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, CORRECTIONAL | § | |
| INSTITUTIONS DIVISION, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER GRANTING
RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Pending in this federal habeas corpus proceeding brought pursuant to 28 U.S.C. § 2254 is

Respondent's Motion for Summary Judgment (Document No.15). Having considered the motion,

Petitioner's Response (Document No. 21), the claims raised in this proceeding, the state court

records, and the applicable law, the Magistrate Judge ORDERS,[1] for the reasons set forth below,

that Respondent's Motion for Summary Judgment (Document No. 15) is GRANTED, Petitioner's

Application for Writ of Habeas Corpus (Document No. 1) is DENIED, and this § 2254 proceeding

is DISMISSED on the merits.

I.    **Introduction and Procedural History**

Freddrick Smith ("Smith") is currently incarcerated in the Texas Department of Criminal

Justice, Correctional Institutions Division ("TDCJ-CID") as a result of his conviction in the 351st

---

[1] On November 30, 2005, pursuant to the parties consent, this case was transferred by the
District Judge to the undersigned Magistrate Judge for all further proceedings. *See* Document
No. 20.

District Court of Harris County, Texas, Cause No. 889765, for driving while intoxicated.

On November 19, 2001, Smith was charged by indictment with the second degree felony of driving while intoxicated, enhanced to a third degree offense by two prior DWI convictions. He pled not guilty to the offense, but true to the enhancements. On June 18, 2002, a jury found Smith guilty and the court assessed punishment, enhanced by two prior convictions, at 35 years imprisonment.

Smith appealed his conviction to the Texas Court of Appeals for the Fourteenth Judicial District, which affirmed the conviction and sentence on April 17, 2003 in an unpublished opinion. *Smith v. State*, No. 14-02-00660-CR (Tex. App.—Houston [14th Dist.], 2003). Smith's petition for discretionary review was then refused by the Texas Court of Criminal Appeals on October 8, 2003. On March 10, 2004, Smith filed a state writ of habeas corpus, which was denied without written order based on the findings of the trial court without a hearing. *Ex parte Smith*, App. No. 59125-01. This § 2254 proceeding, filed on or about November 2, 2004, followed.

Respondent has filed a Motion for Summary Judgment (Document No. 15), to which Petitioner has filed a response in opposition (Document No. 21).

## II.   **Factual Background**

The factual background, as set forth in the Fourteenth Court of Appeals' Opinion, is as follows:

> At 11:00 on the night of the offense, Issay Alwady was unloading groceries from his car when he heard the loud roaring of a car engine. He looked up and saw the car driving down Synott Road, which is a divided lane road with a traffic median. The driver of the car was speeding and swerving from lane to lane. The car crossed the traffic median and began driving on the wrong side of the road where it hit a parked car. After hitting the parked car, the driver left the scene and drove down the street on the wrong side of the road. Alwady called the police and later identified [Smith] as the driver of the car.

2

Harris County Sheriff's Deputy Scott Gill responded to the dispatch about the car Alwady had seen. When Deputy Gill approached the car, the front end was heavily damaged, the front left tire was shredded, and sparks were coming from the wheel. Deputy Gill stopped [Smith] and asked him to exit the car, Gill testified that he smelled alcohol on [Smith's] breath, [Smith] swayed, had glassy, bloodshot eyes, and his speech was slurred. Gill arrested [Smith] for failure to stop and give information at an accident and for driving with a suspended driver's license. When he brought [Smith] to the police station, Gill conducted field sobriety tests, which [Smith] failed or refused to perform.

At the station, Deputy John Burton offered [Smith] the opportunity to take a breath test, but [Smith] refused. Deputy Burton then took [Smith] into a videotaping room. While in the video room, [Smith] refused to stand where he was instructed, failed to follow instructions, stayed out of camera range, and was uncooperative. During Burton's testimony, the State introduced the DWI videotape into evidence. [Smith] objected to the audio portion of the videotape on the grounds that it was irrelevant under rules 401 and 402 of the Texas Rules of Evidence and that under rule 403, the prejudicial effect of [Smith's] statements outweighed any probative value. Specifically, [Smith] objected to the publication of his statements that he had been to prison. [Smith] further claimed that by stating he did not want to cooperate, he invoked his constitutional right to silence. The trial court overruled [Smith's] objections and admitted the audio and video portions of the tape.

## III.   Claims

Smith raises seven claims in this § 2254 proceeding:

1.   that there was insufficient evidence to support his conviction;

2.   that his trial counsel was ineffective for: (a) failing to file any motions; (b) failing to object to perjured testimony; (c) and failing to investigate his case;

3.   that the state knowingly used perjured testimony to secure his conviction;

4.   that the arresting officer failed to "Mirandize" the petitioner during the in-custody interrogation;

5.   that his conviction was wrongly enhanced;

6.   that his sentence is excessive; and

7.   that his due process rights are being violated because he has been subject to discretionary mandatory supervision review.

Several of these claims were presented to the state courts in connection with Smith's direct appeal and his petition for discretionary review.  In addition, all of the claims raised by Smith herein were raised by Smith in his state application for writ of habeas corpus, which was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court without a hearing.

IV.    **Standard of Review**

In the Motion for Summary Judgment, Respondent argues that Smith is not entitled to any relief on his insufficient evidence claim because it is procedurally barred from review in this § 2254 proceeding, was found by the Texas Court of Criminal Appeals to be procedurally barred and is therefore also procedurally barred from review herein.  With respect to the other claims, Respondent argues that the state courts properly adjudicated those claims on the merits under § 2254(d).

A.    **Procedural Bar**

Federal courts are precluded from considering claims which were rejected by the last state court to have considered them on the basis of a state procedural default.  *Coleman v. Thompson*, 501 U.S. 722, 730 (1991); *Harris v. Reed*, 489 U.S. 255, 263 (1989).  In order for a state court's rejection of a habeas claim to act as a procedural bar to review in a federal habeas proceeding, the state court must, in a plain statement, determine that its rejection of the claim rests on adequate and independent state procedural grounds.  *Harris*, 489 U.S. at 261; *Michigan v. Long*, 463 U.S. 1032, 1042 (1983). Once a state court has relied on a procedural default for rejecting a habeas claim, a federal court in a federal habeas proceeding cannot review such a claim unless the petitioner shows cause and prejudice associated with the default or shows that absent a review of the claim by a federal court a fundamental miscarriage of justice will result.  *Coleman*, 501 U.S. at 750.  A fundamental

4

miscarriage of justice occurs when a "'constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Sawyer v. Whitley*, 945 F.2d 812, 816 (5th Cir. 1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986), *cert. granted*, 502 U.S. 965 (1991), *and aff'd*, 505 U.S. 333 (1992)).

**B.    § 2254(d)**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when a claim presented in a federal habeas corpus proceeding has already been adjudicated on the merits in a state proceeding, federal review is limited.  28 U.S.C. § 2254(d) provides:

> (d)   An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding

"[A] decision by a state court is 'contrary to' [the United States Supreme Court's] clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent.'" *Price v. Vincent*, 538 U.S. 634, 640, 123 S. Ct. 1848, 1853 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).  A state court decision involves an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme Court's

decision] but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. But "'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly (citations omitted). Rather, it is the habeas applicant's burden to show that the state court applied [that case] to the facts of his case in an objectively unreasonable manner.'" *Price*, 123 S. Ct. at 1853 (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24-5, 123 S. Ct. 357 (2002)).

For factual issues, "the AEDPA precludes federal habeas relief unless the state court's decision on the merits was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(2) (2000). In addition, the state court's factual determinations carry a presumption of correctness; to rebut them, the petitioner must present clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1) (2000)." *Smith v. Cockrell*, 311 F.3d 661, 667 (5th Cir. 2002), *cert. granted in part*, 124 S. Ct. 46 (2003).

In addition, under § 2254(d), once a federal constitutional claim has been adjudicated by a state court, a federal court cannot conduct an independent review of that claim in a federal habeas corpus proceeding. Rather, it is for the federal court only to determine whether the state court's decision was contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States, and whether the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Whether a federal habeas court would have, or could have, reached a conclusion contrary to that reached by the state court on an issue is not determinative, nor is the correctness of the state court's decision. As instructed by the Supreme court in *Wiggins v. Smith*, 539 U.S. 510, 520-21, 123 S. Ct. 2527, 2535 (2003), "[i]n order for a federal court to find a state court's

6

application of our precedent 'unreasonable,' the state court's decision must have been more than

incorrect or erroneous.  The state court's application must have been 'objectively unreasonable'"

(citations omitted).

## V.    Discussion

### A.    Sufficiency of the Evidence Claim

Smith maintains that there is no evidence, or insufficient evidence, that he was driving while

intoxicated.  According to Smith, the State failed to conduct a blood test or breath test that would

have shown that he was intoxicated.  Additionally, the arresting officers showed that there were no

beer cans or bottles signifying any consumption of alcohol.  The Respondent argues that Smith's

sufficiency claim is procedurally barred because it was not raised by Smith in his direct appeal.

Here, there is no plain statement from the Texas Court of Criminal Appeals, in connection

with its ruling on either Smith's petition for discretionary review or Smith's state application for writ

of habeas corpus, that it rejected Smith's insufficient evidence claim on the basis of a state

procedural default.  As such, the procedural default doctrine under *Harris v. Reed*, 489 U.S. 255, 263

(1989), does not per se preclude review of Smith's insufficient evidence claim.  *See also Bledsue v.

Johnson*, 188 F.3d 250, 256 (5th Cir. 1999) (where petitioner's state application for writ of habeas

corpus was denied by the Texas Court of Criminal Appeals without order, there was no express

reliance by the Texas Court of Criminal Appeals "on a procedural bar as the basis for disposing of

the case" and thus the petitioner's sufficiency of the evidence claim was not procedurally barred in

a federal habeas corpus proceeding).  However, the Texas Court of Criminal Appeals has recently

explained that its denial of state writs without written order does not always indicate that the writ

was denied on the merits, and, where sufficiency of the evidence claims are at issue, such a denial

is to be construed as a determination by the Texas Court of Criminal Appeals that the sufficiency

claims are not cognizable in a state application for writ of habeas corpus.   *Ex parte Grigsby*, 137

S.W.3d 673, 674 (Tex. Crim. App. 2004).  In *Ex parte Grigsby* the Texas Court of Criminal Appeals

wrote:

> In our jurisprudence, it is well established that a challenge to the sufficiency of the
> evidence used to sustain a felony conviction is not cognizable on an application for
> a post-conviction writ of habeas.  As such, Applicant's first ground for relief is
> denied.  In denying Applicant's attack on the sufficiency of the evidence, we take this
> opportunity to clarify our disposition of habeas corpus applications where an
> applicant advances a challenge to the sufficiency of the evidence and we deny the
> application without written order.   In *Ex parte Torres*, addressing whether the
> applicant's subsequent petitions were barred under Article 11.07, Section 4, of the
> Texas Code of Criminal Procedure, we determined that "a 'denial' signifies that we
> addressed and rejected the merits of a particular claim while a 'dismissal' means that
> we declined to consider the claims for reasons unrelated to the claim's merits."
> However, we also held that "[a] disposition is related to the merits if it decides the
> merits *or makes a determination that the merits of the applicant's claims can never
> be decided*."  A challenge to the sufficiency of the evidence presents one of those
> instances where we can never consider the merits of the applicant's claim.  Therefore,
> today, we affirm our holding that where an applicant challenges the sufficiency of the
> evidence on an application by entering a denial without written order, the applicant's
> sufficiency claim was denied because the claim is not cognizable.

*Grigsby*, 137 S.W.3d at 674 (emphasis in original)

In this case, given the Texas Court of Criminal Appeals' denial of Smith's application for

a writ of habeas corpus, a denial which is construed as a determination that Smith's sufficiency of

the evidence claim was not cognizable, *Grigsby*, 137 S.W.3d at 674, the Texas court's rejection of

the sufficiency of the evidence claim rests on an adequate and independent procedural ground and

is, consequently, procedurally barred from review herein.  *See Caldwell v. Dretke*, 2005 WL

1962599 (S.D. Tex. 2005); *Moore v. Dretke*, 2005 WL 1773615 (S.D. Tex. 2005); *Havens v. Dretke*,

2005 WL 1150169 (N.D. Tex. 2005).[2]

### B.   Ineffective Assistance of Counsel

Smith next contends that his trial counsel was ineffective for failing to file any motions, failing to object to perjured testimony, and failing to conduct any investigations or file pre-discovery motions.

Claims of ineffective assistance of trial counsel are generally measured by the standards of *Strickland v. Washington*, 466 U.S. 668 (1984).  To be entitled to relief on an ineffective assistance of counsel claim, a petitioner must be able to show that his counsel was deficient and that the deficiency prejudiced him to the extent that a fair trial was not possible.  *Id*. at 687.  Deficiency is judged by an objective reasonableness standard, with great deference given to counsel and a presumption that the disputed conduct is reasonable.  *Id*. at 687-89.  The prejudice element requires a petitioner "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different."  *Id*. at 694.  A petitioner has the burden to prove the deficiency and the prejudice prongs in order to be entitled to relief.  *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999).

Under *Strickland*, judicial scrutiny of counsel's performance is highly deferential and a strong presumption is made that "'trial counsel rendered adequate assistance and that the challenged conduct was the product of reasoned trial strategy."  *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992) (citing *Strickland*, 466 U.S. at 690).  In order to overcome the presumption of competency, a petitioner "must identify the acts or omissions of counsel that are alleged not to have

---

[2] There is no allegation or argument sufficient to establish the cause and prejudice necessary to overcome the procedural bar, and no showing that a miscarriage of justice will result if the claim is not considered on the merits.

been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690.  Under the prejudice prong of *Strickland*, a petitioner must be able to establish that absent his counsel's deficient performance the result of his trial would have been different, "and that counsel's errors were so serious that they rendered the proceedings unfair or the result unreliable." *Chavez*, 193 F.3d at 378.  "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691.

Constitutionally effective assistance of counsel under *Strickland* is not errorless counsel.  The determination whether counsel has rendered reasonably effective assistance turns on the totality of facts in the entire record.  Each case is judged in light of the number, nature, and seriousness of the charges against a defendant, the strength of the case against him, and the strength and complexity of his possible defense.  *Baldwin v. Maggio*, 704 F.2d 1325, 1329 (5th Cir. 1983).  The reasonableness of the challenged conduct is determined by viewing the circumstances at the time of that conduct.  *Strickland*, 466 U.S. at 690-91.  Counsel will not be judged ineffective only by hindsight.  "The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." *Yarborough v. Gentry*, 540 U.S. 1, 4, 124 S. Ct. 1, 6 (2003).

The Texas Court of Criminal Appeals, in denying Smith's state application for writ of habeas corpus without written order, adopted the findings of the state trial court as its own.  The Texas Court of Criminal Appeals' rejection of Smith's ineffectiveness claims upon the findings of the trial court was not contrary to or an unreasonable application of *Strickland*, and was not based on an unreasonable determination of the facts in light of the evidence presented.

Smith alleges that his counsel was ineffective for failing to move for a mistrial on the basis

that the arresting officer failed to "Mirandize" him.  In order to succeed on a *Miranda* violation claim, however, Smith must demonstrate that statements made during a custodial interrogation were improperly admitted into evidence.  *Miranda v. Arizona*, 384 U.S. 436 (1966).  Here, the record in this case does not support such a claim.  An examination of Exhibit C, which cites to Volume II, page 54 of the reporter's record, indicates that Smith was being stopped, and was not in custody, and that the only statements made by Smith at the scene to Officer Gill regarded Smith chasing the car that struck him.  *Ex parte Smith*, App. No. 59125-01, Vol. II, at 437-38.  Thus Smith failed to show a *Miranda* violation because he did not show that he was in custody, or that the statements made by him were part of an interrogation.[3]  For this reason, Smith's claim that his counsel should have filed a Motion to Dismiss is without merit, and any motion filed by his counsel would have been frivolous.  "Counsel is not required by the Sixth Amendment to file meritless motions."  *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995).  Thus, Smith does not satisfy the requirements of *Strickland*.

Smith also believes that his counsel should have objected to perjured testimony offered by the State.  Proof of perjury requires more than just conclusory statements, but rather, must indicate specifically what statements were false and why, and show that the State was aware of the false statements. *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982); *Strickland*, 466 U.S. at 687.  Here, Smith does not specifically assert what statements were false, and does not provide any evidence in support of his allegations.  Therefore, his claims are without merit.  Furthermore, "failure to raise meritless objections is not ineffective lawyering." *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994).

---

[3] See page 14, paragraph 3 for further discussion of *Miranda* in regards to the DWI videotape made at the police station.

Nor does a "failure to make a frivolous objection . . . cause counsel's performance to fall below an objective level of reasonableness . . .." *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) (citing *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995)). Smith also did not demonstrate that the trial court would have sustained any objection had it been made, or that such objections would have changed the result of his trial. *Schlang*, 691 F.2d at 799. Thus, Smith failed to satisfy the deficiency and prejudice requirements under *Strickland*.

Finally, Smith claims that his trial counsel did not conduct any investigations or file any pre-trial motions. This claim is also conclusory and not supported by the record. Generally, "counsel has a duty to make reasonable investigation or to make a reasonable decision that make particular investigations unnecessary." *Strickland*, 466 U.S. at 691. However, in assessing unreasonableness, a heavy measure of deference must be applied to counsel's judgments. *Id*. Any claims against counsel must specifically indicate what the investigation would have revealed and how it would have altered the outcome of the trial. *See Gray v. Lucas*, 677 F.2d 1086, 1093 (5th Cir. 1982); *United States v. Lewis*, 786 F.2d 1278, 1283 (5th Cir. 1986); *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985); *United States v. Green*, 882 F.2d 999, 1001 (5th Cir. 1989). Additionally, under Rule 2(c) of the Rules Governing § 2254 cases, a petitioner is required to plead facts in support of his claims. The Fifth Circuit has held "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) (citing *Woodard v. Beto*, 447 F.2d 103 (5th Cir. 1971)). *Gray*, 677 F.2d at 1093; *Lewis*, 786 F.2d at 1283; *Alexander*, 775 F.2d at 602; *Green*, 882 F.2d at 1001; *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

12

In this case, the record does not support Smith's allegation that his trial counsel failed to conduct investigations or file pre-trial motions, and he does not provide any evidence to the contrary. The record indicates that Smith's counsel filed a Motion for Discovery and Inspection, a Request for Notice, a Motion to Invoke the Witness Rule, Motion for Discovery of Names of Witnesses, Motion for Discovery of the Arrest and Conviction Reports of Witnesses, Motion for Production of Witness Statements and Writings Used to Refresh Recollection of Witnesses, Motion to Disclose Experts, Motion to Suppress Evidence, and a Motion in Limine. *Ex parte Smith*, App. No. 59125-01 at 72-73. Smith's allegation that his trial counsel failed to conduct investigations or file pre-trial motions is not supported by the record. Thus, his claim of ineffective assistance of counsel fails on this point as well. Therefore, because Smith did not establish in his state habeas corpus proceeding that his counsel's performance was deficient or that such performance prejudiced him on appeal, Smith is not, under § 2254(d), entitled to any relief in this proceeding on his ineffective assistance of counsel claims.

### C.    Perjured Testimony

Smith next maintains that the State knowingly used perjured testimony because the State's witnesses provided different versions of what happened during his arrest.

"[A] conviction obtained by the knowing use of perjured testimony is fundamentally unfair, and must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." *United States v. Agurs*, 427 U.S. 97, 103 (1976).  To be entitled to relief on a claim that the State used perjured testimony, it must be shown (1) that the evidence presented was false, (2) that the evidence was material, and (3) that the prosecution knew that the evidence was false. *United States v. Blackburn*, 9 F.3d 353, 357 (5th Cir. 1993); *Shaw v. Estelle*,

13

686 F.2d 273, 275 (5th Cir. 1982).  The use of perjured testimony is material "only where 'the false testimony could in any reasonable likelihood have affected the judgment of the jury.'" *Knox v. Johnson*, 224 F.3d 470, 478 (5th Cir. 2000) (quoting *Giglio v. United States*, 405 U.S. 150, 154 (1972)).  "'To say that an error did not contribute to the verdict is, rather, to find that error unimportant in relation to everything else the jury considered on the issue in question, as revealed by the record.'" *United States v. O'Keefe*, 128 F.3d 885, 894 (5th Cir. 1997), *cert. denied*, 523 U.S. 1078 (1998) (quoting *Yates v. Evatt*, 500 U.S. 391, 403 (1991)).  Discrepancies in testimony alone do not establish the knowing use of perjured testimony.  *Valles v. Lynaugh*, 835 F.2d 126, 127 (5th Cir. 1988); *see also Kutzner v. Johnson*, 242 F.3d 605, 609 (5th Cir. 2001) ("Conflicting or inconsistent testimony is insufficient to establish perjury.").

According to Smith, the State's witnesses gave conflicting testimony regarding Smith's arrest.  While some of the testimony does differ, there is no evidence on record that the statements were false, and not merely the result of differing vantage points or incorrect memory.  Thus, Smith's allegations are insufficient under *Kutzner*.  Furthermore, there is no evidence that the testimony was material or would have made a difference in the outcome of the trial.  In order to satisfy this prong, Smith would have to show that the testimony made a significant difference in relation to the other evidence considered by the jury.  However, there is nothing in the record to support such a conclusion.  Finally, there is no evidence that the prosecutor knew the testimony was false.

For these reasons, Smith has not, upon this record, established that the State's witnesses' testimony was false.  As a result, the Texas courts' rejection of this claim is not contrary to or an unreasonable application of clearly established law, nor is it based on an unreasonable determination of the facts in light of the evidence.

14

D.   *Miranda* **Rights**

Smith has also failed to prove that federal law was unreasonably applied with regard to the

alleged *Miranda* violation.  In response to Smith's allegation of a *Miranda* violation, the Fourteenth

Court of Appeals rejected the claim as follows:

> An individual may not be penalized for exercising his Fifth Amendment
> rights when he is under custodial interrogation.  *Hardie v. State*, 807 S.W.2d 319,
> 322 (Tex. Crim. App. 1991) (citing *Miranda v. Arizona*, 384 U.S. 436, 468 n.37
> (1966)).  However, police requests to perform sobriety tests, directions on how to
> perform the tests, and queries concerning a suspect's understanding of his rights do
> not constitute interrogation.  *Kalisz v. State*, 32 S.W.3d 718, 721 (Tex. App.–Houston
> [14th Dist.] 2000, pet. ref'd).  A DWI videotape should not be suppressed unless the
> police seek to elicit a testimonial response not normally incident to arrest and
> custody, or the police conduct is reasonably likely to elicit a response.  *Jones v. State*,
> 795 S.W.2d 171, 175 (Tex. Crim. App. 1990).
>
> Here, during the DWI videotape, appellant made the following statements, "I
> don't want to cooperate.  I don't want to stand on the line.  I don't want to do
> nothing.  I don't have to cooperate.  I know how it goes."  Appellant contends that
> by making those statements, he clearly invoked his right to silence.  At the time
> appellant made those statements, however, he was not subject to custodial
> interrogation.  Police questions incident to a videotaped sobriety test is activity
> normally attendant to arrest and custody, not interrogation under *Miranda*.  *See
> Jones*, 795 S.W.2d at 172.  The record reflects that Officer Burton did not attempt
> to interrogate appellant, but asked him to stand on a line while the officer read
> something to him.  Appellant's repeated statements that he was not going to
> cooperate were not the subject of custodial interrogation; therefore, they were
> admissible.

*Ex parte Smith*, App. No. 59125-01 at 62-63; *Smith v. State*, No. 14-02-00660-CR (Tex. App.–2003)

(published), at 6-7.

Smith next raised the claim with the Texas Court of Criminal Appeals in his state application

for writ of habeas corpus, which was denied without written order.  Under the previously stated

AEDPA standard, this court may not issue a writ of habeas corpus unless the petitioner shows that

the state court's adjudication of the claim resulted in a decision that was contrary to established

Federal law, or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented.  Since Smith failed to show how either the Fourteenth Court of Appeals' dismissal or the Court of Criminal Appeals denial were contrary to established law, or an unreasonable application of facts to law, he is not entitled to relief in this § 2254 proceeding.

###    E.    Wrongful Enhancement of Sentence

Smith further contends that his sentence was wrongly enhanced based upon two prior DWI convictions, because those convictions were not proven beyond a reasonable doubt.

Smith was convicted under 49.04 of the Texas Penal Code for driving while intoxicated.  His conviction was enhanced to a third degree felony due to his prior convictions for DWI under Section 49.09(b)(2) of the Texas Penal Code, which states:

> An offense under Section 49.04  is a felony of the third degree if it is shown on the trial of the offense that the person has previously been convicted
>
> > (2) two times of any other offense relating to the operating of a motor vehicle while intoxicated.

Tex. Pen. Code § 49.09(b)(2) (West 2001).

When a defendant admits to the prior convictions, the State may include those convictions in the indictment, and is not required to prove them for use as enhancement elements.  *Tamez v. State*, 11 S.W.3d 198, 202-03 (Tex. Crim. App. 2000).  In this case, the indictment read aloud to the jury on the first day of trial included two prior convictions: the first a DWI conviction occurring on March 25, 1997, in the 185th District Court of Harris County in cause number 719102; the second occurring on April 14, 1988, in County Court of Law 13 in Harris County in cause number 8803608. *Ex parte Smith*, App. No. 59125, at 357.  The use of these convictions were properly included in the indictment under *Tamez*, and both convictions were properly used to enhance Smith's sentence under

16

Texas Penal Code Section 49.09(b)(2).

Moreover, claims based solely on state law are not cognizable in a § 2254 proceeding. "A state prisoner seeking federal review of his conviction pursuant to 28 U.S.C. § 2254 must assert a violation of a federal constitutional right." *Lawrence v. Lensing*, 42 F.3d 255, 258 (5th Cir. 1994). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. *Pemberton v. Collins*, 991 F.2d 1218, 1223 (5th Cir. 1993). Whether an offense has been properly enhanced is generally a matter of state law. *See Rubio v. Estelle*, 689 F.2d 533, 536 (5th Cir. 1982); *Donald v. Jones*, 445 F.2d 601, 606 (5th Cir. 1971); *Ware v. Dretke*, 2005 WL 701035 *2 (N.D. Tex. 2005). Here, Smith's complaints about the use of his prior convictions to enhance his sentence relate solely to matters of state law. Therefore, even if Smith's sentence was improperly enhanced under state law, he would not be entitled to relief in this federal § 2254 proceeding.

### F.   Incorrect Application of Law Resulting in an Excessive Sentence

Smith next claims that his conviction under current law has resulted in an excessive punishment because he should have been convicted under the law in existence on April 14, 1988, the date of the earliest element of his offense, that is, his first prior conviction. While prior convictions may be an element of certain offenses, the date of such prior convictions generally need not be proven as an element of an offense. *Vanderhorst v. State*, 52 S.W.3d 237, 242 (Tex. App.–Eastland 2001) (where defendant's prior DWI convictions were held to properly enhance sentence to a felony); *see also Mason v. State*, 980 S.W.2d 635 (Tex. Crim. App.1998) ("Viewing the date of the prior conviction as being an element of [the offense] would result in the absurd consequence of omitting all felons who committed their felonies before September 1, 1994 from

coverage."). According to the indictment, the primary offense occurred on or about October 2, 2001.
*Ex parte Smith*, App. No. 59125 at 357. Therefore, it was correct for the state trial court to apply the
law in affect at the time of the primary offense, resulting in Smith's current 35 year conviction.
Furthermore, as stated above, claims based solely on state law are not cognizable in a federal § 2254
proceeding. *Lawrence*, 42 F.3d at 258. The length of a sentence for a conviction in state court is
generally a state issue. *Horton v. Beto*, 274 F. Supp. 97, 98 (D.C. Tex. 1967). Smith did not raise
this issue until his state application for writ of habeas corpus, which was denied by the state court
without a written opinion. Thus even if the sentence was excessive under state law, Smith is not
entitled to relief in this § 2254 proceeding.

### G.      Violation of Due Process Rights

In his final claim, Smith complains that his due process rights have been violated because
he has been subject to discretionary mandatory supervision. He argues that he should be serving his
sentence under the mandatory supervision law in effect prior to September 1, 1996, because one of
the convictions used to enhance his sentence occurred prior to 1996. Yet, as stated previously, the
date of a prior conviction is not an element of the offense of which Smith was convicted. According
to the indictment, the primary offense occurred on or about October 2, 2001. *Ex parte Smith*, App.
No. 59125-01, at 64, 75. Smith is therefore subject to the mandatory supervision law in effect at the
time the primary offense was committed, which allows for discretionary mandatory supervision
review. Tex. Govt. Code §§ 508.147, 508.149(b)(1)(2) (West 1997). Therefore, under § 2254(d),
no relief is available to Smith on his claim that his due process rights have been violated.

**VI.**   **Conclusion and Order**

Based on the foregoing, and the conclusions that the Petitioner's claims are either procedurally barred or that § 2254(d) does not provide for any relief, the Court

ORDERS that Respondent's Motion for Summary Judgment (Document No. 15) is GRANTED, Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 1) is DENIED, and this § 2254 proceeding is DISMISSED WITH PREJUDICE. It is further

ORDERED that a Certificate of Appealability is DENIED. A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted). Where the claims have been dismissed on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. at 484; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). When the claims have been dismissed on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of constitutional rights and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

Given the claims raised herein, as well as the rejection of Petitioner's claims by the Texas

19

Court of Criminal Appeals, the Court determines that reasonable jurists would not find the assessment of Petitioner's constitutional claims to be debatable or wrong.  Therefore, Petitioner has not made a substantial showing of the denial of a constitutional right, and a Certificate of Appealability will not issue.

Signed at Houston, Texas, this  30th  day of  June, 2006.


Frances H. Stacy
United States Magistrate Judge